Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2251 | **DATE** | 4/6/2012 |
| **CASE TITLE** | DeAndre Crawford (#2008-0010739) vs. Lt. Johnson, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. The Clerk shall: (1) issue summonses for service of the complaint on Defendants Commander Frankco, Sergeant Wiggins, and Lieutenant Johnson; (2) dismiss the remaining 31 named Defendants; (3) attach a Magistrate Judge Consent Form to the summonses for Defendants Commander Frankco, Sergeant Wiggins, and Lieutenant Johnson; and (4) send Plaintiff the Form and Instructions for Submitting Documents along with a copy of this order.

■[For further details see text below.]          Docketing to mail notices.

## STATEMENT

      Plaintiff, DeAndre Crawford, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

      According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that on December 22, 2011, he informed an unknown superintendent, John Doe, and Commander Frankco that the toilet in his cell was not functioning. Plaintiff also informed Sergeant Wiggins several times about the broken toilet, but she only responded that "she didn't care." Plaintiff also informed Lieutenant Johnson, who replied, "Bond the fuck out." Plaintiff names an additional 31 Defendants that were "informed . . . over the course of time" of the broken toilet but failed to have it repaired. Plaintiff remained in the cell with a non-functioning toilet from December 22, 2011, through January 4, 2012.

      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). This includes providing "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

|STATEMENT|
|---|

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

    Here, Plaintiff has sufficiently pled a claim of deliberate indifference against Commander Frankco, Sergeant Wiggins, and Lieutenant Johnson. However, as to the remaining 31 Defendants, Plaintiff merely alleges that they became aware of the non-functioning toilet "over the course of time," without specifying when or how they became aware of the non-functioning toilet. Without that specification, the complaint does not raise an inference of deliberate indifference on their part. Plaintiff's bare recitation that they were deliberately indifferent is insufficient to state a claim against these 31 Defendants. Accordingly, they are dismissed without prejudice from this action.

    The United States Marshals Service is appointed to serve Defendants Commander Frankco, Sergeant Wiggins, and Lieutenant Johnson. Any service forms necessary for Plaintiff to complete will be sent by the Marshals Service as appropriate to serve these Defendants with process. The Marshals Service is directed to make all reasonable efforts to serve these Defendants. With respect to any former Cook County employee who can no longer be found at the work address provided by Plaintiff, Cook County shall furnish the Marshals Service with that Defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshals Service and not disclosed further, including on the docket. The Marshals Service is authorized to mail a request for waiver of service to these Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also ensure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.